Official Form 417A (12/23)

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):
   MANHATTAN REALTY COMPANY 1, LP

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   ☐ Plaintiff
   ☐ Defendant
   ☐ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   ☐ Debtor
   ☒ Creditor
   ☐ Trustee
   ☐ Other (describe) _____

## Part 2:  Identify the subject of this appeal

1. Describe the judgment—or the appealable order or decree—from which the appeal is taken:
   Order continuing automatic stay beyond 362(e) period

2. State the date on which the judgment—or the appealable order or decree—was entered:
   December 5, 2023

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: 155 Chambersfood, Inc.
   Debtor
   Attorney: Law Offices of Alla Kachan P.C.
   2799 Coney Island Avenue, Suite 202
   Brooklyn, NY 11235
   718-513-3145

2. Party: U.S. Trustee
   Attorney: Office of the United States Trustee
   Eastern District of NY (Brooklyn)
   Alexander Hamilton Custom House
   One Bowling Green
   Room 510
   New York, NY 10004-1408
   (212) 206-2580

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

_____                  Date: _____
Signature of attorney for appellant(s) (or appellant(s)              12.18.23
if not represented by an attorney)

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):
 Kucker, Marino, Winiarsky, & Bittens, LLP
 Attn:  Robert Moore, Esq.
 747 Third Avenue, 12th Floor
 New York, New York 10017
 (212) 869-5030

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:**  If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

Page 1

1    UNITED STATES BANKRUPTCY COURT

2    EASTERN DISTRICT OF NEW YORK

3    Case No. 23-42937-nhl

4    - - - - - - - - - - - - - - - - - - - - - - - - - - - x

5    In the Matter of:

6

7    155 CHAMBERSFOOD INC.,

8

9            Debtor.

10   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

11                    United States Bankruptcy Court

12                    271-C Cadman Plaza East

13                    Brooklyn, NY 11201

14

15                    December 5, 2023

16                    2:57 PM

17

18

19

20

21   B E F O R E :

22   HON NANCY HERSHEY LORD

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO:   UNKNOWN

Page 2

1    HEARING re Status Conference.

2

3    HEARING re [35] Application to Employ filed by Debtor 155

4    Chambersfood, Inc.) (Attachments: # 1 Exhibit Lease

5    # 2 Exhibit Photograph # 3 Exhibit Executive Order

6    # 4 Exhibit License # 5 Exhibit Correspondence) (Moore,

7    Robert)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Rita Weltsch

Page 3

```
 1   A P P E A R A N C E S :

 2

 3   KUCKER MARINO WINIARSKY & BITTENS

 4        Attorney for Manhattan Realty Company 1, LP

 5        747 Third Avenue, 12th Floor

 6        New York, NY 10017

 7

 8   BY:  ROBERT MOORE, JR.

 9        CHRISTOPHER SCOTT MCCANN

10

11   LAW OFFICE OF ALLA KACHAN, PC

12        Attorneys for the Debtor

13        2799 Coney Island Avenue, Unit 202

14        Brooklyn, NY 11235

15

16   BY:  ALLA KACHAN

17

18   UNITED STATES DEPARTMENT OF JUSTICE

19        Attorneys for the U.S. Trustee

20        United States Federal Building

21        New York, NY 10014

22

23   BY:  REEM LATEEF

24

25
```

Case 1-23-42937-nhl    Doc 56-1    Filed 12/18/23    Entered 12/18/23 16:23:52
Case 1:24-cv-00085-OEM    Document 1    Filed 01/04/24    Page 6 of 50 PageID #: 6

Page 4

1                    P R O C E E D I N G S

2                CLERK:  The next matter, 155 Chambersfood Inc.

3                THE COURT:  Appearances, please.

4                MS. LATEEF:  Good afternoon, Your Honor, Reema

5      Lateef on behalf of the Office of the United States Trustee,

6      thank you.

7                MS. KACHAN:  Good afternoon, Your Honor, Alla

8      Kachan on behalf of the Debtor, 155 Chambers.

9                MR. MOORE:  Good afternoon, Your Honor, Robert

10     Moore on behalf of Manhattan Realty Company 1, landlord.

11               THE COURT:  And Ms. Lateef, right?

12               MS. LATEEF:  Yes, Your Honor.  Good afternoon,

13     Reema Lateef on behalf of the Office of the United States

14     Trustee.  Thank you.

15               THE COURT:  Status firs -- I'm sorry, the Debtor

16     filed an application to retain special counsel which is

17     scheduled for presentment on December 12th.  The Debtor also

18     filed monthly operating reports for September and October.

19     Okay.

20               So, there was a back and forth about this

21     opposition to the motion to extend the time to assume or

22     reject the lease, and the reason I'm raising it at status is

23     the application has to do with -- well, there's a bunch of

24     opposition, but one of the things that was raised was that

25     the note -- that the rent has never been paid on time and

Page 5

1    that they had not yet received the November rent.

2            But then Ms. Kachan filed a statement that said

3    that the November rent was paid, but I guess it was with a

4    check dated November 28th, I don't know if it was received.

5    So, let me just see if that November rent, albeit late, was

6    received.  Mr. Moore?

7            MR. MOORE:  Robert Moore, it was received

8    yesterday December 4th, November rent.

9            THE COURT:  Got it.  Okay.  So, just so I'm clear

10   about what we're doing here.  I don't have a claim yet from

11   the landlord.  Bar order I think is in two days, so we

12   wanted to know with respect to status with the debt if the

13   landlord is intending to file a proof of claim?

14           MR. MOORE:  Yes, Your Honor, we will file it.

15   Robert Moore, we will file it timely.  In addition, we have

16   objections to motion or the application for appointment of

17   special counsel which are due today.  It will be filed after

18   this appearance.  As to what we're doing today I do think it

19   remains outstanding landlord's motion to dismiss or in the

20   alternative to lift the automatic stay.

21           THE COURT:  I know, you thinks it's -- you think

22   it's terminated, and I'll say to you go figure that out,

23   right?  You can take your chance if you'd like.  As an

24   alternative to adjourning a motion to lift the stay that's

25   contested, this is contested, correct?

Case 1-23-42937-nhl   Doc 56-1   Filed 12/18/23   Entered 12/18/23 16:23:52
Case 1:24-cv-00085-OEM   Document 1   Filed 01/04/24   Page 8 of 50 PageID #: 8

Page 6

1          MR. MOORE:  Yes.

2          THE COURT:  Okay.

3          MR. MOORE:  Robert Moore here.

4          THE COURT:  So, once it's -- once it's contested,

5    let me see if I can explain this to you.  Once it's

6    contested, right, one would have a contested matter

7    scheduling order entered and start discovery, okay.  So,

8    there's no -- it's not that it hasn't been heard, it's been

9    contested, okay.

10          And I don't have to hear and determine a contested

11   matter within that time period.  If I did, I would just deny

12   your motion because I couldn't do that.  The point of a

13   contested matter, particularly if there's discovery that's

14   necessary, is that a contested -- you can get a contested

15   matter scheduling order.  That's what happens in a contested

16   motion assuming -- let me go to it.  I'm assuming it was

17   contested.

18          So, it's not -- it doesn't work the way, you know,

19   it's -- the way you say it works unless you think it does

20   and then you can go and take a chance.  I wouldn't do that,

21   but that's me.  Yeah, it was -- this is also contested, but

22   the motion for relief, a motion to dismiss actually

23   (indiscernible) or alternative relief.  There would be --

24          MS. KACHAN:  Your Honor, if it helps, my

25   opposition was dated November 27th, (indiscernible) --

Page 7

1              THE COURT:  Okay.  Yeah, it was contested --

2              MS. KACHAN:  No, actually earlier.  Sorry.

3              THE COURT:  It was contested.  So, okay, but I

4    have a different question for Ms. Kachan.

5              MS. KACHAN:  Yes, Your Honor.

6              THE COURT:  It does not look to me -- it does not

7    look to me from the operating reports that this lease, at

8    this price point, is not particularly affordable based upon

9    the amount of money that the Debtor is bringing in.  So, you

10   know, to tell me you're evaluating what to do, I don't think

11   you're evaluating what to do, I -- if you don't have the

12   money or you think that the litigation is going to give you

13   leverage or give you money --

14             MS. KACHAN:  Not just leverage, Your Honor.  I --

15   if I may, Your Honor, there's -- there is a lot more to

16   this.  I touched on it, but if we're going to talk about

17   affordability --

18             THE COURT:  Say your name, say your name.

19             MS. KACHAN:  Alla Kachan.  If we're going to talk

20   about affordability, I already brought this up, Your Honor,

21   previously, and hence the retention and hence, of course,

22   they're opposing the retention.  That's understood.  But

23   there is a reason for this situation, Your Honor.

24             The counsel that's going to be retained is going

25   to address two things that directly affect the income of

Case 1-23-42937-nhl   Doc 56-1   Filed 12/18/23   Entered 12/18/23 16:23:52
Case 1:24-cv-00085-OEM   Document 1   Filed 01/04/24   Page 10 of 50 PageID #: 10

Page 8

1    this business.  And whatever -- I'm not going to get into

2    representations that were made at the time that they entered

3    into this lease because I think that it's very unfair to say

4    now well, they knew that there was the seating.  Well, the

5    landlord represented that he will remove it.  So, what they

6    knew and what the landlord represented is, you know, at best

7    subject to an evidentiary hearing if we're going to go down

8    that road.

9              But if we're going to go down the road of

10   affordability, there is two things at least that need to be

11   addressed and then we can actually make a decision if this

12   business is not encumbered by something that literally

13   blocks the front completely.

14             And in the summer months, the landlord does not

15   bar the Debtor from fixing the air conditioning that does

16   not allow a single person to sit inside because it's boiling

17   over 100 degrees with the ovens on, and the air conditioning

18   doesn't work, and the landlord makes a decision to say no,

19   I'm not going to allow you to do any work, nor am I going to

20   do any work.

21             So, between those two things at the very least,

22   Your Honor, you know, if we have -- we are -- we cannot have

23   any people inside in the summer because of landlord's

24   actions.  We cannot have people see the business from the

25   outside because of the landlord's actions.  And now, we're

Case 1-23-42937-nhl   Doc 56-1   Filed 12/18/23   Entered 12/18/23 16:23:52
Case 1:24-cv-00085-OEM   Document 1   Filed 01/04/24   Page 11 of 50 PageID #: 11

Page 9

1    going to say well it's not affordable.  Well, they are

2    paying the rent timely or untimely.  Mr. Moore can argue

3    with me as long as he wants.

4              THE COURT:  But the Code -- the Code requires you

5    to be timely.

6              MS. KACHAN:  I understand, Your Honor.  But they

7    are paying post-petition rent.  They paid it within November

8    they paid -- they are going to pay the December rent very

9    shortly.  And they are retaining counsel because they're

10   going -- it's not just about leverage, it's about damages,

11   it's about redressing damages that they were already

12   incurred that directly affect the income of this business.

13             So, to say that in a vacuum my client can't afford

14   this lease, but the landlord can just carry on on his merry

15   way and not do a single thing to redress their issues that

16   they represented will be -- will be addressed at the -- at

17   the inception of this lease, you're going to (indiscernible)

18   --

19             MR. MOORE:  Your Honor, may I be heard?  Robert

20   Moore speaking.

21             MS. KACHAN:  So, at this point, Your Honor, I

22   would very much appreciate if I wasn't interrupted.  At this

23   point and time, I don't think that we are at a juncture

24   where with respect to Mr. Moore's argument in my -- in

25   response to my motion to extend time.  Mr. Moore's argument

Page 10

1    is the state terminated, I think, Your Honor addressed quite

2    eloquently.

3              With respect to Mr. Moore's other motion, Your

4    Honor, we have a possessory interest, we have a lease to

5    assume, I think that's been determined.  We are paying post-

6    petition; we are pursuing all the claims, or going to be

7    pursuing all the claims available under the law to redress

8    all of the issues that the landlord has created that have

9    affected business income.

10             We intend to do that, and we intend to do that as

11   much as needs to be done.  And that's what this attorney is

12   going to be retained for.  And I think, Your Honor, at this

13   --

14             THE COURT:  What --

15             MR. MOORE:  Your Honor, may I speak?

16             THE COURT:  No, I have questions for Ms. Kachan,

17   and I may ask of you if she doesn't know the answer.

18             I thought I had read -- I thought I had read

19   something about it, but I don't remember.  I may have just

20   seen a headline.  Is the city now taking a position with

21   these things coming down?  Do you know?

22             MS. KACHAN:  Your Honor, I think they had to be

23   removed a while back.

24             THE COURT:  Okay.

25             MS. KACHAN:  As far as I know, they had to be

Page 11

1    removed a while back and that's one of the things that this

2    attorney will address.  And I will disagree here vehemently

3    with Mr. Moore's position that oh, this is your problem with

4    the city.  No, it's not, it required the landlord's consent.

5    I know for a fact because I represented a number of Brooklyn

6    restaurants that had the same issue.

7            And there is not a chance that the landlord's

8    consent wasn't required.  I know for a fact that it was

9    because my clients, respective clients' consent was

10   required.  And now, they do have to remove it and that's one

11   of the things that this attorney will address, both with the

12   landlord and the city.  But yes, they do have to remove it.

13           MR. MOORE:  Your Honor, Robert Moore speaking.

14   Your Honor, Robert Moore speaking.  May I address this five-

15   minute speech by Ms. Kachan.

16           THE COURT:  No, you can your -- you can even have

17   10 when it's your turn.

18           Go ahead, finish, Ms. Kachan.

19           MS. KACHAN:  Your Honor, so to answer Your Honor's

20   question as far as I understand the law as to this, the

21   regulation, the current city regulation, and position as to

22   this, I think that, again, that's just my understanding of

23   it.  That as long as the business owner and the landlord are

24   in agreement, I believe that they can keep it today.

25           If the -- if the business owner doesn't want it

Page 12

1    there they certainly are not -- not bound by having it

2    there.  The fact that this is a neighbor's, not even theirs,

3    that this was placed on their property, and it blocked their

4    entrance and their visibility, that's just above and beyond.

5    And the representation was made, upon information and

6    belief, to my client at the time that the lease was entered

7    into.

8            If Mr. Moore wants to spend legal fees litigating

9    this on a contested matter scheduling order with evidence

10   shown, we have absolutely no problem with that.  Meanwhile,

11   we're going to retain counsel, pursue these claims in state

12   court, and the chips will fall where they fall.  Meanwhile,

13   Your Honor, this Debtor is doing what he's supposed to be

14   doing.

15           Yes, he's running a little late and I'm

16   encouraging him to make sure that that lateness is, you

17   know, decreased and it's caught up.  But he's paying, he

18   paid November, he paid October, he's going to pay December

19   very shortly.  He is doing everything else he's supposed to

20   do.  He's filing timely monthly operating reports, he's

21   paying quarterly fees, he is working on the state court

22   claims.

23           As far as debtors go in this Court Your Honor, as

24   Your Honor knows, he is in very good shape.  And that's --

25   and that's where we are.  And to say that he's, you know,

Case 1-23-42937-nhl   Doc 56-1   Filed 12/18/23   Entered 12/18/23 16:23:52
Case 1:24-cv-00085-OEM   Document 1   Filed 01/04/24   Page 15 of 50 PageID #: 15

Page 13

1   that it's not affordable, well, Your Honor, he also

2   bargained for a different type of occupancy.  He also did

3   not bargain to have all of these issues to deal with

4   alongside with his full rent.  But he's doing his best to

5   address both.

6            So, my position's very simple.  We're in this

7   Chapter 11, we have not caused an issue, we haven't incurred

8   a problem, he hasn't violated anything.  The stay is very

9   much in effect, the lease is very much in effect,

10  notwithstanding anything Mr. Moore will -- can, you know,

11  say, or do.  The post-petition rent is being paid.  I think

12  that we need to stay here and see this through.

13            MR. MOORE:  Your Honor, may I speak now?

14            MS. KACHAN:  And if at one point he stops -- and

15  if one point -- if at one point, he stops paying post-

16  petition rent then we'll revisit this issue.  But we're not

17  there.

18            THE COURT:  Yeah, I'm just looking at -- I'm just

19  looking at (indiscernible).  I'm not seeing that.  I'm

20  seeing that they're no longer accepting new applications

21  under the temporary program, the permanent program is in

22  development with timeline application details to be shared

23  as they become available.  Anyway, there's a lot in here

24  under the New York City DOT website.

25            Go ahead, Mr. Moore.  What did you want to tell

Case 1-23-42937-nhl   Doc 56-1   Filed 12/18/23   Entered 12/18/23 16:23:52
Case 1:24-cv-00085-OEM   Document 1   Filed 01/04/24   Page 16 of 50 PageID #: 16

Page 14

1    me?

2              MR. MOORE:  Thank you, Your Honor, Robert Moore.

3    So, a variety of things.  First off, it is a false

4    representation of fact that landlord said anything regarding

5    this outdoor seating which is in the street at the time the

6    lease was signed.  As counsel should know there is --

7              THE COURT:  I don't take -- I'm not taking

8    evidence here.  (indiscernible) --

9              MR. MOORE:  I know, I'm creating -- thank you,

10   Your Honor, I'm just creating a record.  She got to say

11   whatever she wanted, now I can respond.

12             THE COURT:  Yes.

13             MR. MOORE:  So, there's also what's called a

14   merger clause in the lease and that says to the extent they

15   claim there were any other promises or representations made

16   at the time, they are subsumed within the lease.  Therefore,

17   if they are not stated in the lease, they are of no effect.

18             Debtor has never paid rent once on time.  Not

19   once.  This is precisely why we had to go to LNT 552 in New

20   York.  So, what happened there is that Debtor signed a

21   stipulation of settlement where they had to pay X amount in

22   the arrearage, and they had to pay ongoing as of the first

23   of every month.

24             Debtor even breached that obligation.  And that

25   resulted in a judgment of possession and warrant of eviction

Case 1-23-42937-nhl   Doc 56-1   Filed 12/18/23   Entered 12/18/23 16:23:52
Case 1:24-cv-00085-OEM   Document 1   Filed 01/04/24   Page 17 of 50 PageID #: 17

Page 15

1    and a monetary judgment in the amount of $84,000 plus nine

2    percent interest, which continues to accrue.  Even after

3    that, right before we were supposed to execute on the

4    warrant, Debtor filed his petition.

5            So, as of right now, we're looking at $127,000 and

6    change just in pre-petition arrears.  Not once has Debtor

7    paid post-petition rent on time.  Shortly must mean

8    something for some people that's different than everybody

9    else because November was tendered on December 4th.  Under

10   no reasonable understanding of the word shortly or timely

11   does that make sense.  A month late is not timely.

12           Now, as to the allegation regarding the air

13   conditioner, Debtor didn't pay rent in December, or November

14   of 2022, or January, February, when the air conditioner

15   wouldn't even be an issue.  So, that's not any proximate

16   cause here at all.  Plus, landlord arranged with Debtor --

17           THE COURT:  I don't think -- I didn't -- I didn't

18   get that with connecting argument.  She's just saying with

19   respect to the fact they've had trouble in this business is

20   that in summer months the business was also off in addition

21   to what she is saying is the -- the area that blocked

22   visibility that the air conditioner was broken.  I didn't

23   get the connection between rent being paid and the air

24   conditioning being broken.

25           MR. MOORE:  Okay.  So, if Your Honor would look at

Page 16

1    the Docket 30, this is Exhibit N, you'll see the photograph

2    of this alleged obstruction.

3              THE COURT:  Correct.

4              MR. MOORE:  It's not an obstruction at all.  It's

5    in the street, you can clearly see the pizza restaurant

6    across the street.  You can see it on the same side of the

7    street.  This is not a visibility issue.  Landlord's consent

8    was not required, is not required, and by the way, that

9    seating has been taken down, it's been taken down.

10             THE COURT:  Okay.  When did it get taken down?

11             MR. MOORE:  Within the last couple of weeks.

12             THE COURT:  Okay.

13             MR. MOORE:  So, and more fundamentally, Your

14   Honor, and you'll see this in our opposition to the

15   appointment of -- application to appoint special counsel,

16   there's binding Appellate Division (indiscernible) binding

17   case law, binding, which says that a tenant who failed to

18   pay rent cannot recover under breach of contract theory,

19   breach of lease theory at all.  It can't because they have

20   not performed.

21             So, you will see this binding case law and

22   respectfully Your Honor your gut was right, they cannot

23   afford this rent, they've never been able to afford this

24   rent.  It's just going to increase.  We have 124-plus in

25   arrears that we're never going to see, there's no

Page 17

1   protections here, we're lucky if we see the rent ever, much

2   less a month after it's due.

3          THE COURT:  Was there a -- with respect to taking

4   the seating down, was the whole fabrication taken down?

5          MR. MOORE:  It's gone, all of it.

6          THE COURT:  All right.  So, there's a good --

7   there's a very good test then.  And that is if we're -- this

8   is a restaurant, right?

9          MR. MOORE:  It's a little pizza shop.

10         THE COURT:  All right, it's a pizza --

11         MS. KACHAN:  It's a pizzeria, Your Honor.

12         THE COURT:  A pizzeria.  Well, if the pizzeria --

13         MS. KACHAN:  With food other than the pizza.

14  There's other food there.

15         THE COURT:  Okay.  If the pizza -- during holiday

16  season when presumably these kinds of places are supposed to

17  do their best generally, it seems to me that if that's down

18  and she doesn't need air conditioning, they don't need air

19  conditioning today in the middle of this weather, that we'll

20  be able to see in very short order whether or not business

21  picks up and there's enough money here, because right now

22  there isn't.

23         And on a -- on a going concern basis it doesn't

24  look like this restaurant is bringing in enough money to

25  cover -- to cover much more than rent, right.  I mean, let's

Page 18

1    take a look at -- let me look at my notes here, but I had

2    notes on this and how much was in the (indiscernible).  I

3    mean, you have to sell a lot pizza and other food.  Again,

4    let me get the numbers.  I know I have them because I read

5    them.

6            MS. LATEEF:  Judge, Do you want the numbers from

7    the latest operating report?

8            THE COURT:  No, I found them, I found them.  Yeah,

9    there here.  Okay, the monthly operating report for October

10   shows total net income of $2,141.44, and cash on hand is

11   $17,645.83 before the payment of $17,250, which was made by

12   check dated November 28th.

13           So, again, and if the thing was taken down a

14   couple of weeks ago, that would have been for the November

15   period, but we'll see what December brings.  But I'm not

16   going to extend it, I'm going to extend it a little bit at a

17   time.

18           MR. MOORE:  Your Honor, Robert Moore speaking.

19           THE COURT:  You're getting, Mr. Moore, you're

20   getting -- you know what, you do a lot better than a lot of

21   other landlords before me.  You're getting paid.

22           MR. MOORE:  But Your Honor, Robert Moore speaking.

23           THE COURT:  But I want to -- I want to ask Ms.

24   Kachan if there's a check dated, unless you're talking about

25   just you don't have the money in the bank.  But if there's a

1    check dated November 28th, why does it take until December

2    4th for the landlord to have it in hand?  If you know that

3    this is a --

4              MS. KACHAN:  Oh, I don't know, Your Honor, we --

5              THE COURT:  If you know that this is a problem and

6    you know it's late, I mean, if I were late again unless I

7    didn't have the money in the bank.  But if I were late, I

8    would be making sure that as soon as I had that money in the

9    bank and I had a check written that I would figure out a way

10   to get that check in that landlord's hand.  I mean --

11             MS. KACHAN:  Your Honor, Your Honor, I'll tell you

12   this.  This is Alla Kachan.  We, as with other cases, when I

13   think that there may be any issue with delivery, or timing,

14   or whatnot we have them bring it to my office and we mail

15   it, we -- by priority mail.  I can check and I don't know

16   when Mr. Moore's client got in hand, I'm not going to say

17   that it's true or untrue.  But I know that that check was

18   made, and it left my office.  How long it took to get to

19   him, whether the holiday period interfered, I do not know.

20   Whether they really got it on the 4th, I also don't know.

21   But I didn't mail it on the 4th, I can tell you that.

22   Because I mailed it, not my client.

23             MR. MOORE:  Your Honor, I think USPS, I think we

24   checked this last time and what happened was it wasn't even

25   sent out until after the appearance when Ms. Kachan --

Page 20

1          THE COURT:  Yeah.

2          MR. MOORE:  -- had already been --

3          THE COURT:  You're using a service.  Ms. Kachan,

4    you're using a service.  I mean, I went back -- I was under

5    the impression last time that it was very different.  You're

6    using a service, and that service is causing -- seems to me

7    because you use a service in your office to pick up, right?

8          MS. KACHAN:  (indiscernible).

9          THE COURT:  You don't have somebody going down

10   into the post office and putting it in a priority label and

11   mailing it from the post office on the day of the 28th?

12         MS. KACHAN:  It's not a service, Your Honor, I can

13   check what time it went out and Mr. -- whatever Mr. Moore

14   just said is --

15         THE COURT:  So, I -- you don't use a service to --

16         MS. KACHAN:  Obscenely untrue, but I'm not even

17   going to go into that.

18         THE COURT:  (indiscernible).  Well, there was a

19   delay last time, was there -- is there a person in your

20   office who takes the mail the day it's ready, priority or

21   however, and goes into a post -- United States Postal Office

22   and mails it?

23         MS. KACHAN:  Yes, Your Honor.

24         THE COURT:  (indiscernible).  There is?

25         MS. KACHAN:  For the most part.  They put it in a

1    -- they just told me that they put it into the box by the

2    post office, but there's nobody who comes to us and picks it

3    up, no.

4              THE COURT:  Well, what box do they put it in?

5              MS. KACHAN:  The USPS box outside of the post

6    office.

7              THE COURT:  Well, is that regular mail or priority

8    mail?

9              MS. KACHAN:  It may be -- no, no, it is priority

10   mail, it's USPS not -- I can show Your Honor the link.

11             THE COURT:  USPS is the United States Postal

12   Service.

13             MS. KACHAN:  Yeah, and there is priority,

14   priority.

15             THE COURT:  Does it go into a priority envelope?

16             MS. KACHAN:  Yes.

17             THE COURT:  Okay.  You pay extra for that, Ms.

18   Kachan?

19             MS. KACHAN:  Yes, I'm pretty sure.  I have to

20   check.

21             THE COURT:  You're guessing.

22             MS. KACHAN:  Can you show me that -- Your Honor,

23   I'll check it.  Your Honor, I can also have the client

24   deliver it, but unfortunately I don't think that that's

25   going to help because they're going to do everything

1    possible to say that he didn't, so that's why --

2              MR. MOORE:  Your Honor, Robert Moore speaking.

3              MS. KACHAN:  -- I was sending it.

4              MR. MOORE:  All we want is the rent, you know,

5    these games happen every time, Judge.  Excuse me, every time

6    Your Honor --

7              MS. KACHAN:  Your Honor knows me well enough that

8    I don't play games.

9              MR. MOORE:  Your Honor, she --

10             MS. KACHAN:  I don't -- I don't play games, Your

11   Honor, I've been doing this for 22 years that I've been in

12   front of Your Honor.

13             MR. MOORE:  Would you please tell her not to

14   interrupt me?  Would you please tell Ms. Kachan not to

15   interrupt me?

16             MS. KACHAN:  (indiscernible) for 22 years and we

17   don't play games.  Mr. Moore you're --

18             MR. MOORE:  You're playing incredible games.  Your

19   Honor, will you please tell her not to interrupt me as you

20   advised me for her?

21             MS. KACHAN:  (indiscernible).

22             THE COURT:  It's hard to know who interrupted who

23   or who said what for the last four minutes because nobody

24   identified themselves and you were talking at the same time.

25   Go ahead.

Page 23

1              MS. KACHAN:  Your Honor, so I'm looking at --

2              MR. MOORE:  Oh, well, here it is, Judge.  Can you

3      see it?  Can you see it, Your Honor?

4              THE COURT:  I can see it.

5              MS. KACHAN:  -- it was 11/28.

6              THE COURT:  And what does it say?

7              MR. MOORE:  Priority overnight for December -- for

8      December --

9              MS. KACHAN:  Ship date 11/28.

10             MR. MOORE:  For December.

11             MS. KACHAN:  Ship date is 11/28.

12             MR. MOORE:  For December, wow, look at that,

13     Judge.

14             MS. KACHAN:  Ship date 11/28.

15             MR. MOORE:  (indiscernible), the proof is in the

16     pudding.  That's --

17             THE COURT:  Ms. Kachan, stop.  Ms. Kachan, stop.

18             MR. MOORE:  Whatever she's saying, this is what it

19     says.  Monday, December 4th, priority overnight.  That's

20     what it has.

21             THE COURT:  Mm hmm.

22             MS. KACHAN:  Except that my label --

23             THE COURT:  Wait a minute.

24             MS. KACHAN:  -- says ship date 11/28, expected

25     delivery 11/30, and that's when it left my office --

Page 24

1          MR. MOORE:  Actually, Your Honor, I'm sorry, that

2     was a different -- that was a different envelope, excuse me.

3          MS. KACHAN:  Oh.  But shockingly mine says that

4     the expected delivery was 11/30.

5          MR. MOORE:  Okay.  I'm sorry, Your Honor, that was

6     different.  Here it is, here it is.  And here you see, here

7     you see she using something called Click and Ship.  Click

8     and Ship.

9          THE COURT:  (indiscernible).

10         MR. MOORE:  Every time something is received in my

11    office you stamp it as soon as you get it.

12         THE COURT:  Right.

13         MR. MOORE:  All right.  It was received --

14         THE COURT:  So, don't -- this is easy.  I am

15    ordering you not to use Click and Ship.  I know you're using

16    a program or something, I don't where you're dropping it.  I

17    am ordering that if you are going to do it or your client's

18    going to do it, you go into a post office and you physically

19    hand it to them and you send it by overnight mail.  So,

20    ordered.

21         MS. KACHAN:  No problem, ma'am.

22         THE COURT:  Because this is nonsense.  You want to

23    stay in the property, you want to pay rent, overnight mail.

24         MS. KACHAN:  No problem, ma'am.

25         THE COURT:  Physically in a post office.  I

Page 25

1    remembered the Click and Ship, I knew you were using a

2    service, that's a service, that's not the postal service,

3    Click and Ship, as far as I know.  Not the last time I was

4    in a post office, and I go very frequently.

5                I can do two things.  I can send you to mediation.

6                MR. MOORE:  No, Your Honor, Robert Moore speaking.

7                THE COURT:  Oh, I can send you to mediation, Mr.

8    Moore.

9                MR. MOORE:  Please, no.

10               THE COURT:  You understand I can send you to

11   mediation?

12               MR. MOORE:  I know you can, I know you can.

13               THE COURT:  Just so you know.

14               MR. MOORE:  I know you can, Judge, Robert Moore

15   speaking.

16               THE COURT:  It sounds like it's a fate worse than

17   death.  Okay, I'm going to -- I'm going to extend you 30

18   days, not all those days you asked for.  I'm going to have

19   to have -- well, I can't extend you 30 days, I can extend

20   you -- let's see when are you back.  Do we have them back

21   for anything, probably not.

22               CLERK:  Judge, if an objection was going to be

23   filed, it'll be the 10th and there'll have to be a hearing

24   scheduled on that.  I don't know if they want

25   (indiscernible) before it.

Page 26

1          THE COURT:  Oh, okay.  Yeah, that's true.  Okay.

2     So, when is the time up right now?  It was up, you're trying

3     to make the motion beforehand.

4          MS. KACHAN:  I think December 16th.

5          MR. MOORE:  It's already up.

6          MS. KACHAN:  I believe --

7          THE COURT:  When is it up?

8          MS. WEISS:  I believe the brief deadline, 120th --

9     the 20th day is December 14th.

10         THE COURT:  Okay.  You also know that she only

11    gets the one extension on motion, and then after that since

12    the Code has changed, you have to consent to each and every

13    one of them.  So, if you don't consent after that and she

14    hasn't done what she has to do to assume or reject then

15    we're done.  I mean, I guess -- I think maybe -- no, I think

16    the Code requires consent.  Ms. Weiss?

17         MS. WEISS:  Second extension, Your Honor, yes.

18         THE COURT:  The second?

19         MS. KACHAN:  Yeah, anything after the --

20         THE COURT:  Yeah, but I -- it can't even be over

21    the -- I mean, I can't -- I cannot approve it over

22    opposition, they have to actually consent.

23         MS. KACHAN:  Your Honor, but, Your Honor, but may

24    I interject for one second?  It's the second extension

25    beyond the 90 days.  So, if we're being extended by 30 then

Page 27

1    --

2                 THE COURT:  Oh, no, no, I agree, I agree, I agree.

3    No, no, I meant --

4                 MS. KACHAN:  We need the consent only after the 90

5    days.

6                 THE COURT:  Yeah (indiscernible).  Yes,

7    (indiscernible).

8                 MR. MOORE:  Your Honor, Robert, Your Honor, Robert

9    Moore.  If you are extending for the 30 days, I would ask

10   that that extension be contingent upon payment of December

11   rent immediately.

12                THE COURT:  Well, they'll have to pay December

13   rent.

14                MR. MOORE:  I know, but the --

15                THE COURT:  January -- all right, let's find room

16   also on January 16th for this.  I'll extend it until the

17   19th of January.

18                MR. MOORE:  Your Honor, Robert Moore, --

19                CLERK:  3:00, Judge.

20                MR. MOORE:  -- can you make that again contingent

21   upon December, payment of December and January rent.

22                THE COURT:  No, in -- I'm not making any decisions

23   on anything in this case.  I just have to hear it myself.

24   January 19th --

25                CLERK:  16th.

1           THE COURT:  -- at what time?

2           CLERK:  16th, Judge, at 3:00.

3           THE COURT:  16th, January 16th not the 19th,

4    January 16th and I gave the extension until the 19th.  The

5    extension's until the 19th until the end of that week.

6    January 19th is when we're adjourning this to at what time?

7           CLERK:  January 16th at 3:00.

8           THE COURT:  January 16th, January 16th, January

9    16th at 3:00.  The extension is until January 19th carrying

10   everything else.

11          MR. MOORE:  Your Honor --

12          CLERK:  Judge, the notice of presentment for the

13   retention is not --

14          THE COURT:  If it's objected to, if it's objected

15   to and if the Debtor in possession is a business judgment

16   rule, Mr. Moore, and if you're the other side of that it's

17   not -- I mean, I don't know how strong of an objection

18   you're going to be able to make here, but you can make

19   whatever objection you make.  If you make an objection it

20   will also be on that day at that time.

21          And if you're filing your claim by the 7th, you

22   could also if you want to make object to the claim, and

23   we'll pull everything together in the contested matter with

24   discovery if you haven't resolved it yet by the -- on the

25   16th.

Page 29

1           MR. MOORE:  Your Honor, Robert Moore --

2           MS. KACHAN:  And we will definitely object, Your

3    Honor, to their claim.

4           MR. MOORE:  Your Honor, Robert Moore.  Just so I'm

5    clear, the time with in which to assume or reject is

6    extended to January 16th?

7           THE COURT:  January 19th.

8           MR. MOORE:  Okay.  And so, January --

9           THE COURT:  The adjournment is January 16th at

10   3:00.

11          MR. MOORE:  So, Your Honor, I have a federal trial

12   on January 16th.

13          THE COURT:  Oh.

14          MR. MOORE:  It's going to last all day.

15          THE COURT:  Okay.

16          MR. MOORE:  In SDNY.

17          THE COURT:  Okay, hold on.

18          CLERK:  The 23rd, Judge.

19          THE COURT:  Then I have to extend it to -- extend

20   it to the 20 -- okay, the 23rd, I have to extend it to the

21   26th.

22          CLERK:  At 3:00.

23          THE COURT:  So, redo, redo, rewind.  January 26th

24   is the day I'm extending it to.  And again, this goes

25   against your 90 day, okay.  So, we'll count the days.

Page 30

1    January 26th, the motion to assume or reject is extended

2    until that date subject to my further extending it if you

3    pay your rent on time.  And the third -- and then the 23rd

4    at 3:00?

5              CLERK:  Yes.

6              THE COURT:  Which is actually better because I

7    have a much lighter calendar on that day anyway.  January

8    23rd.

9              MS. KACHAN:  Your Honor, just for clarity.  You

10   said if you pay rent, so I'm not contingent as Mr. Moore had

11   requested, right?

12             THE COURT:  Right, I did not make it contingent,

13   but he's got to -- he's got to pay the rent.

14             MS. KACHAN:  Understood.

15             THE COURT:  And I don't want the rent paid in the

16   following month for the month it's due.

17             MS. KACHAN:  Understood.

18             MR. MOORE:  Your Honor, Robert Moore.  And just so

19   I understand, and the record is clear, is the Court denying

20   the motion to lift the stay?

21             THE COURT:  Do you want me to?

22             MR. MOORE:  I would like an order.

23             THE COURT:  No.

24             MS. KACHAN:  I (indiscernible), Your Honor.

25             THE COURT:  No, I will give you a contested matter

1    scheduling order, issued as joint, I will give you a

2    contested matter scheduling order and we'll start discovery.

3    This is not a question of anything terminating.  We have an

4    answer and that creates a contested matter.  And then the

5    contested matter and discovery is subject to the Court's

6    schedule.  So, I'll do a contested matter scheduling order,

7    they'll be a Rule 26 exchanges.  How much discovery do you

8    want?

9              MR. MOORE:  Very little.

10             THE COURT:  Okay, how much do you want Ms. Kachan?

11             MS. KACHAN:  At least 30 days.

12             MR. MOORE:  No.

13             THE COURT:  30 days, 30 days discovery?

14             MS. KACHAN:  Yes, Your Honor.

15             THE COURT:  That's all you want, okay.

16             MS. KACHAN:  I said a piece.  We can do 60.

17             MR. MOORE:  No, 30 days is more than sufficient in

18   this simple, simple case.

19             THE COURT:  Well, again --

20             MS. KACHAN:  I'll ask for 60, Your Honor.

21             THE COURT:  I don't -- I don't know how she goes

22   30 days discovery, but maybe I'm missing something here.

23             MS. KACHAN:  I'll ask for 60.

24             MR. MOORE:  Judge, she's just making this up.

25             THE COURT:  No, I normally -- I normally don't --

Case 1-23-42937-nhl   Doc 56-1   Filed 12/18/23   Entered 12/18/23 16:23:52
Case 1:24-cv-00085-OEM   Document 1   Filed 01/04/24   Page 34 of 50 PageID #: 34

Page 32

1    I've never done 30 days discovery, it's silly, it just means

2    I'll have to go back and do it again.  I will put in -- I

3    will put in a contested matter scheduling order.  Once the

4    objection to claim comes in, it'll be -- it'll be within

5    that, we'll add it to it.  And so, all your fights will be

6    under a contested, including the motion to dismiss, will be

7    under a contested matter scheduling order.

8            And again, I'll do Rule 26 exchanges, you will see

9    it on the docket, and I will enter it, okay?  So, that's the

10   answer to your question.  Your question is, is that we have

11   a contested matter scheduling order, okay.  All right.

12           Let me just see what else.  Ms. Lateef, did we go

13   over whatever we need to go over?

14           MS. LATEEF:  Your Honor, Reema Lateef.  I don't

15   believe so, but it's just brief on status, Your Honor.  The

16   Debtor is current with operating reports and quarterly fees,

17   so nothing else to report.  Thank you, Your Honor.

18           And Your Honor, just lastly with respect -- Reema

19   Lateef -- with the retention application.  We did upload the

20   orders for retention of counsel and the accountant, and we

21   are working with counsel to resolve concerns with respect to

22   the special counsel retention application.

23           THE COURT:  (indiscernible) hearing if it gets

24   objected to by Mr. Moore.

25           MR. MOORE:  Thank you, Your Honor, Robert Moore.

Page 33

1           THE COURT:  Okay.  All right, thank you.

2           MS. KACHAN:  Thank you, Your Honor.

3           MS. LATEEF:  Thank you, Your Honor.

4           (Whereupon these proceedings were concluded at

5     3:34 PM)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 34

1                       I N D E X

2

3                       RULINGS

4                                        Page        Line

5    Debtor's counsel is ordered to no longer

6    use a shipping company for mailing rent to

7    landlord's counsel.  Must go to the post

8    office and physically have it sent

9    overnight                               24          17

10   Motion to assume or reject extended to

11   January 26th if rent paid on time, and

12   next hearing will be January 23rd, 2024

13   at 3:00 P.M.                            29          23

14

15

16

17

18

19

20

21

22

23

24

25

Page 35

1                        C E R T I F I C A T I O N

2

3          I, Rita Weltsch, certified that the foregoing

4     transcript is a true and accurate record of the proceedings.

5

6

7

8     Rita Weltsch

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  December 13, 2023

Case 1-23-42937-nhl   Doc 56-1   Filed 12/18/23   Entered 12/18/23 16:23:52
Case 1:24-cv-00085-OEM   Document 1   Filed 01/04/24   Page 38 of 50 PageID #: 38

[& - agreement]                                                          Page 1

| & | | | |
|---|---|---|---|

**&**  3:3

**1**

**1**  2:4 3:4 4:10
**10**  11:17
**100**  8:17
**10014**  3:21
**10017**  3:6
**10th**  25:23
**11**  13:7
**11/28**  23:5,9,11
  23:14,24
**11/30**  23:25
  24:4
**11201**  1:13
**11235**  3:14
**11501**  35:23
**120th**  26:8
**12151**  35:6
**124**  16:24
**127,000**  15:5
**12th**  3:5 4:17
**13**  35:25
**14th**  26:9
**155**  1:7 2:3 4:2
  4:8
**16th**  26:4
  27:16,25 28:2
  28:3,3,4,7,8,8
  28:9,25 29:6,9
  29:12
**17**  34:9
**17,250**  18:11
**17,645.83**
  18:11

**2**

**2**  2:5
**2,141.44**  18:10
**20**  29:20
**202**  3:13
**2022**  15:14
**2023**  1:15
  35:25
**2024**  34:12
**20th**  26:9
**22**  22:11,16
**23**  34:13
**23-42937**  1:3
**23rd**  29:18,20
  30:3,8 34:12
**24**  34:9
**26**  31:7 32:8
**26th**  29:21,23
  30:1 34:11
**271**  1:12
**2799**  3:13
**27th**  6:25
**28th**  5:4 18:12
  19:1 20:11
**29**  34:13
**2:57**  1:16

**3**

**3**  2:5
**30**  16:1 25:17
  25:19 26:25
  27:9 31:11,13
  31:13,17,22
  32:1

**19th**  27:17,24
  28:3,4,5,6,9
  29:7

**300**  35:22
**330**  35:21
**35**  2:3
**3:00**  27:19 28:2
  28:7,9 29:10
  29:22 30:4
  34:13
**3:34**  33:5

**4**

**4**  2:6
**4th**  5:8 15:9
  19:2,20,21
  23:19

**5**

**5**  1:15 2:6
**552**  14:19

**6**

**60**  31:16,20,23

**7**

**747**  3:5
**7th**  28:21

**8**

**84,000**  15:1

**9**

**90**  26:25 27:4
  29:25

**a**

**able**  16:23
  17:20 28:18
**above**  12:4
**absolutely**
  12:10
**accepting**
  13:20

**accountant**
  32:20
**accrue**  15:2
**accurate**  35:4
**actions**  8:24,25
**actually**  6:22
  7:2 8:11 24:1
  26:22 30:6
**add**  32:5
**addition**  5:15
  15:20
**address**  7:25
  11:2,11,14
  13:5
**addressed**  8:11
  9:16 10:1
**adjourning**
  5:24 28:6
**adjournment**
  29:9
**advised**  22:20
**affect**  7:25
  9:12
**affected**  10:9
**afford**  9:13
  16:23,23
**affordability**
  7:17,20 8:10
**affordable**  7:8
  9:1 13:1
**afternoon**  4:4
  4:7,9,12
**ago**  18:14
**agree**  27:2,2,2
**agreement**
  11:24

Case 1-23-42937-nhl    Doc 56-1    Filed 12/18/23    Entered 12/18/23 16:23:52
Case 1:24-cv-00085-OEM   Document 1   Filed 01/04/24   Page 39 of 50 PageID #: 39

[ahead - certified]                                                    Page 2

**ahead** 11:18 13:25 22:25
**air** 8:15,17 15:12,14,22,23 17:18,18
**albeit** 5:5
**alla** 3:11,16 4:7 7:19 19:12
**allegation** 15:12
**alleged** 16:2
**allow** 8:16,19
**alongside** 13:4
**alternative** 5:20,24 6:23
**amount** 7:9 14:21 15:1
**answer** 10:17 11:19 31:4 32:10
**anyway** 13:23 30:7
**appearance** 5:18 19:25
**appearances** 4:3
**appellate** 16:16
**application** 2:3 4:16,23 5:16 13:22 16:15 32:19,22
**applications** 13:20
**appoint** 16:15
**appointment** 5:16 16:15

**appreciate** 9:22
**approve** 26:21
**area** 15:21
**argue** 9:2
**argument** 9:24 9:25 15:18
**arranged** 15:16
**arrearage** 14:22
**arrears** 15:6 16:25
**asked** 25:18
**assume** 4:21 10:5 26:14 29:5 30:1 34:10
**assuming** 6:16 6:16
**attachments** 2:4
**attorney** 3:4 10:11 11:2,11
**attorneys** 3:12 3:19
**automatic** 5:20
**available** 10:7 13:23
**avenue** 3:5,13

**b**

**b** 1:21
**back** 4:20 10:23 11:1 20:4 25:20,20 32:2

**bank** 18:25 19:7,9
**bankruptcy** 1:1,11,23
**bar** 5:11 8:15
**bargain** 13:3
**bargained** 13:2
**based** 7:8
**basis** 17:23
**behalf** 4:5,8,10 4:13
**belief** 12:6
**believe** 11:24 26:6,8 32:15
**best** 8:6 13:4 17:17
**better** 18:20 30:6
**beyond** 12:4 26:25
**binding** 16:16 16:16,17,21
**bit** 18:16
**bittens** 3:3
**blocked** 12:3 15:21
**blocks** 8:13
**boiling** 8:16
**bound** 12:1
**box** 21:1,4,5
**breach** 16:18 16:19
**breached** 14:24
**brief** 26:8 32:15

**bring** 19:14
**bringing** 7:9 17:24
**brings** 18:15
**broken** 15:22 15:24
**brooklyn** 1:13 3:14 11:5
**brought** 7:20
**building** 3:20
**bunch** 4:23
**business** 8:1,12 8:24 9:12 10:7 11:23,25 15:19 15:20 17:20 28:15

**c**

**c** 1:12 3:1 4:1 35:1,1
**cadman** 1:12
**calendar** 30:7
**called** 14:13 24:7
**carry** 9:14
**carrying** 28:9
**case** 1:3 16:17 16:21 27:23 31:18
**cases** 19:12
**cash** 18:10
**caught** 12:17
**cause** 15:16
**caused** 13:7
**causing** 20:6
**certainly** 12:1
**certified** 35:3

Case 1-23-42937-nhl    Doc 56-1    Filed 12/18/23    Entered 12/18/23 16:23:52
Case 1:24-cv-00085-OEM    Document 1    Filed 01/04/24    Page 40 of 50 PageID #: 40

[chambers - days]                                                     Page 3

chambers 4:8
chambersfood
  1:7 2:4 4:2
chance 5:23
  6:20 11:7
change 15:6
changed 26:12
chapter 13:7
check 5:4
  18:12,24 19:1
  19:9,10,15,17
  20:13 21:20,23
checked 19:24
chips 12:12
christopher
  3:9
city 10:20 11:4
  11:12,21 13:24
claim 5:10,13
  14:15 28:21,22
  29:3 32:4
claims 10:6,7
  12:11,22
clarity 30:9
clause 14:14
clear 5:9 29:5
  30:19
clearly 16:5
clerk 4:2 25:22
  27:19,25 28:2
  28:7,12 29:18
  29:22 30:5
click 24:7,7,15
  25:1,3
client 9:13 12:6
  19:16,22 21:23

client's 24:17
clients 11:9,9
code 9:4,4
  26:12,16
comes 21:2
  32:4
coming 10:21
company 3:4
  4:10 34:6
completely
  8:13
concern 17:23
concerns 32:21
concluded 33:4
conditioner
  15:13,14,22
conditioning
  8:15,17 15:24
  17:18,19
coney 3:13
conference 2:1
connecting
  15:18
connection
  15:23
consent 11:4,8
  11:9 16:7
  26:12,13,16,22
  27:4
contested 5:25
  5:25 6:4,6,6,9
  6:10,13,14,14
  6:15,17,21 7:1
  7:3 12:9 28:23
  30:25 31:2,4,5
  31:6 32:3,6,7
  32:11

contingent
  27:10,20 30:10
  30:12
continues 15:2
contract 16:18
correct 5:25
  16:3
corresponde...
  2:6
counsel 4:16
  5:17 7:24 9:9
  12:11 14:6
  16:15 32:20,21
  32:22 34:5,7
count 29:25
country 35:21
couple 16:11
  18:14
course 7:21
court 1:1,11
  4:3,11,15 5:9
  5:21 6:2,4 7:1
  7:3,6,18 9:4
  10:14,16,24
  11:16 12:12,21
  12:23 13:18
  14:7,12 15:17
  16:3,10,12
  17:3,6,10,12
  17:15 18:8,19
  18:23 19:5
  20:1,3,9,15,18
  20:24 21:4,7
  21:11,15,17,21
  22:22 23:4,6
  23:17,21,23
  24:9,12,14,22

24:25 25:7,10
25:13,16 26:1
26:7,10,18,20
27:2,6,12,15
27:22 28:1,3,8
28:14 29:7,9
29:13,15,17,19
29:23 30:6,12
30:15,19,21,23
30:25 31:10,13
31:15,19,21,25
32:23 33:1
court's 31:5
cover 17:25,25
created 10:8
creates 31:4
creating 14:9
  14:10
current 11:21
  32:16

         d
d 4:1 34:1
damages 9:10
  9:11
date 23:9,11,14
  23:24 30:2
  35:25
dated 5:4 6:25
  18:12,24 19:1
day 20:11,20
  26:9 28:20
  29:14,24,25
  30:7
days 5:11
  25:18,18,19
  26:25 27:5,9
  29:25 31:11,13

Case 1-23-42937-nhl    Doc 56-1    Filed 12/18/23    Entered 12/18/23 16:23:52
Case 1:24-cv-00085-OEM    Document 1    Filed 01/04/24    Page 41 of 50 PageID #: 41

[days - fights]                                                            Page 4

31:13,17,22
32:1
**deadline** 26:8
**deal** 13:3
**death** 25:17
**debt** 5:12
**debtor** 1:9 2:3
3:12 4:8,15,17
7:9 8:15 12:13
14:18,20,24
15:4,6,13,16
28:15 32:16
**debtor's** 34:5
**debtors** 12:23
**december** 1:15
4:17 5:8 9:8
12:18 15:9,13
18:15 19:1
23:7,8,10,12
23:19 26:4,9
27:10,12,21,21
35:25
**decision** 8:11
8:18
**decisions** 27:22
**decreased**
12:17
**definitely** 29:2
**degrees** 8:17
**delay** 20:19
**deliver** 21:24
**delivery** 19:13
23:25 24:4
**deny** 6:11
**denying** 30:19
**department**
3:18

**details** 13:22
**determine** 6:10
**determined**
10:5
**development**
13:22
**different** 7:4
13:2 15:8 20:5
24:2,2,6
**directly** 7:25
9:12
**disagree** 11:2
**discovery** 6:7
6:13 28:24
31:2,5,7,13,22
32:1
**dismiss** 5:19
6:22 32:6
**district** 1:2
**division** 16:16
**docket** 16:1
32:9
**doing** 5:10,18
12:13,14,19
13:4 22:11
**dot** 13:24
**dropping**
24:16
**due** 5:17 17:2
30:16

**e**

**e** 1:21,21 3:1,1
4:1,1 34:1 35:1
**earlier** 7:2
**east** 1:12
**eastern** 1:2

**easy** 24:14
**ecro** 1:25
**effect** 13:9,9
14:17
**eloquently**
10:2
**employ** 2:3
**encouraging**
12:16
**encumbered**
8:12
**enter** 32:9
**entered** 6:7 8:2
12:6
**entrance** 12:4
**envelope** 21:15
24:2
**evaluating**
7:10,11
**everybody**
15:8
**eviction** 14:25
**evidence** 12:9
14:8
**evidentiary** 8:7
**except** 23:22
**exchanges** 31:7
32:8
**excuse** 22:5
24:2
**execute** 15:3
**executive** 2:5
**exhibit** 2:4,5,5
2:6,6 16:1
**expected** 23:24
24:4

**explain** 6:5
**extend** 4:21
9:25 18:16,16
25:17,19,19
27:16 29:19,19
29:20
**extended** 26:25
29:6 30:1
34:10
**extending** 27:9
29:24 30:2
**extension**
26:11,17,24
27:10 28:4,9
**extension's**
28:5
**extent** 14:14
**extra** 21:17

**f**

**f** 1:21 35:1
**fabrication**
17:4
**fact** 11:5,8 12:2
14:4 15:19
**failed** 16:17
**fall** 12:12,12
**false** 14:3
**far** 10:25 11:20
12:23 25:3
**fate** 25:16
**february** 15:14
**federal** 3:20
29:11
**fees** 12:8,21
32:16
**fights** 32:5

Case 1-23-42937-nhl   Doc 56-1   Filed 12/18/23   Entered 12/18/23 16:23:52
Case 1:24-cv-00085-OEM   Document 1   Filed 01/04/24   Page 42 of 50 PageID #: 42

[figure - intend]                                                    Page 5

**figure** 5:22
19:9
**file** 5:13,14,15
**filed** 2:3 4:16
4:18 5:2,17
15:4 25:23
**filing** 12:20
28:21
**find** 27:15
**finish** 11:18
**firs** 4:15
**first** 14:3,22
**five** 11:14
**fixing** 8:15
**floor** 3:5
**following**
30:16
**food** 17:13,14
18:3
**foregoing** 35:3
**forth** 4:20
**found** 18:8,8
**four** 22:23
**frequently**
25:4
**front** 8:13
22:12
**full** 13:4
**fundamentally**
16:13
**further** 30:2

**g**

**g** 4:1
**games** 22:5,8
22:10,17,18
**generally**
17:17

**getting** 18:19
18:20,21
**give** 7:12,13
30:25 31:1
**go** 5:22 6:16,20
8:7,9 11:18
12:23 13:25
14:19 20:17
21:15 22:25
24:18 25:4
32:2,12,13
34:7
**goes** 20:21
29:24 31:21
**going** 7:12,16
7:19,24,24 8:1
8:7,9,19,19 9:1
9:8,10,17 10:6
10:12 12:11,18
16:24,25 17:23
18:16,16 19:16
20:9,17 21:25
21:25 24:17,18
25:17,17,18,22
28:18 29:14
**good** 4:4,7,9,12
12:24 17:6,7
**guess** 5:3 26:15
**guessing** 21:21
**gut** 16:22

**h**

**hand** 18:10
19:2,10,16
24:19
**happen** 22:5
**happened**
14:20 19:24

**happens** 6:15
**hard** 22:22
**headline** 10:20
**hear** 6:10
27:23
**heard** 6:8 9:19
**hearing** 2:1,3
8:7 25:23
32:23 34:12
**help** 21:25
**helps** 6:24
**hershey** 1:22
**hmm** 23:21
**hold** 29:17
**holiday** 17:15
19:19
**hon** 1:22
**honor** 4:4,7,9
4:12 5:14 6:24
7:5,14,15,20
7:23 8:22 9:6
9:19,21 10:1,4
10:12,15,22
11:13,14,19
12:13,23,24
13:1,13 14:2
14:10 15:25
16:14,22 17:11
18:18,22 19:4
19:11,11,23
20:12,23 21:10
21:22,23 22:2
22:6,7,9,11,12
22:19 23:1,3
24:1,5 25:6
26:17,23,23
27:8,8,18

28:11 29:1,3,4
29:11 30:9,18
30:24 31:14,20
32:14,15,17,18
32:25 33:2,3
**honor's** 11:19

**i**

**identified**
22:24
**immediately**
27:11
**impression**
20:5
**inception** 9:17
**including** 32:6
**income** 7:25
9:12 10:9
18:10
**increase** 16:24
**incredible**
22:18
**incurred** 9:12
13:7
**indiscernible**
6:23,25 9:17
13:19 14:8
16:16 18:2
20:8,18,24
22:16,21 23:15
24:9 25:25
27:6,7 30:24
32:23
**information**
12:5
**inside** 8:16,23
**intend** 10:10
10:10

**intending** 5:13
**interest** 10:4
  15:2
**interfered**
  19:19
**interject** 26:24
**interrupt**
  22:14,15,19
**interrupted**
  9:22 22:22
**island** 3:13
**issue** 11:6 13:7
  13:16 15:15
  16:7 19:13
**issued** 31:1
**issues** 9:15
  10:8 13:3
**it'll** 25:23 32:4
  32:4

**j**

**january** 15:14
  27:15,16,17,21
  27:24 28:3,4,6
  28:7,8,8,8,9
  29:6,7,8,9,12
  29:23 30:1,7
  34:11,12
**joint** 31:1
**jr** 3:8
**judge** 1:23
  18:6 22:5 23:2
  23:13 25:14,22
  27:19 28:2,12
  29:18 31:24
**judgment**
  14:25 15:1
  28:15

**juncture** 9:23
**justice** 3:18

**k**

**kachan** 3:11,16
  4:7,8 5:2 6:24
  7:2,4,5,14,19
  7:19 9:6,21
  10:16,22,25
  11:15,18,19
  13:14 17:11,13
  18:24 19:4,11
  19:12,25 20:3
  20:8,12,16,23
  20:25 21:5,9
  21:13,16,18,19
  21:22 22:3,7
  22:10,14,16,21
  23:1,5,9,11,14
  23:17,17,22,24
  24:3,21,24
  26:4,6,19,23
  27:4 29:2 30:9
  30:14,17,24
  31:10,11,14,16
  31:20,23 33:2
**keep** 11:24
**kinds** 17:16
**knew** 8:4,6
  25:1
**know** 5:4,12,21
  6:18 7:10 8:6
  8:22 10:17,21
  10:25 11:5,8
  12:17,25 13:10
  14:6,9 18:4,20
  19:2,4,5,6,15
  19:17,19,20

22:4,22 24:15
25:3,12,12,13
25:14,24 26:10
27:14 28:17
31:21
**knows** 12:24
  22:7
**kucker** 3:3

**l**

**label** 20:10
  23:22
**landlord** 4:10
  5:11,13 8:5,6
  8:14,18 9:14
  10:8 11:12,23
  14:4 15:16
  19:2
**landlord's** 5:19
  8:23,25 11:4,7
  16:7 19:10
  34:7
**landlords**
  18:21
**lastly** 32:18
**late** 5:5 12:15
  15:11 19:6,6,7
**lateef** 3:23 4:4
  4:5,11,12,13
  18:6 32:12,14
  32:14,19 33:3
**lateness** 12:16
**latest** 18:7
**law** 3:11 10:7
  11:20 16:17,21
**lease** 2:4 4:22
  7:7 8:3 9:14,17
  10:4 12:6 13:9

14:6,14,16,17
16:19
**left** 19:18
  23:25
**legal** 12:8
  35:20
**leverage** 7:13
  7:14 9:10
**license** 2:6
**lift** 5:20,24
  30:20
**lighter** 30:7
**line** 34:4
**link** 21:10
**literally** 8:12
**litigating** 12:8
**litigation** 7:12
**little** 12:15
  17:9 18:16
  31:9
**lnt** 14:19
**long** 9:3 11:23
  19:18
**longer** 13:20
  34:5
**look** 7:6,7
  15:25 17:24
  18:1,1 23:12
**looking** 13:18
  13:19 15:5
  23:1
**lord** 1:22
**lot** 7:15 13:23
  18:3,20,20
**lp** 3:4
**lucky** 17:1

Case 1-23-42937-nhl   Doc 56-1   Filed 12/18/23   Entered 12/18/23 16:23:52
Case 1:24-cv-00085-OEM   Document 1   Filed 01/04/24   Page 44 of 50 PageID #: 44

[ma'am - objections]                                                   Page 7

| m | | | net  18:10 |
|---|---|---|---|

**m**

**ma'am**  24:21
  24:24
**made**  8:2 12:5
  14:15 18:11
  19:18
**mail**  19:14,15
  19:21 20:20
  21:7,8,10
  24:19,23
**mailed**  19:22
**mailing**  20:11
  34:6
**mails**  20:22
**make**  8:11
  12:16 15:11
  26:3 27:20
  28:18,18,19,19
  28:22 30:12
**makes**  8:18
**making**  19:8
  27:22 31:24
**manhattan**  3:4
  4:10
**marino**  3:3
**matter**  1:5 4:2
  6:6,11,13,15
  12:9 28:23
  30:25 31:2,4,5
  31:6 32:3,7,11
**mccann**  3:9
**mean**  15:7
  17:25 18:3
  19:6,10 20:4
  26:15,21 28:17
**means**  32:1

**meant**  27:3
**mediation**  25:5
  25:7,11
**merger**  14:14
**merry**  9:14
**middle**  17:19
**mine**  24:3
**mineola**  35:23
**minute**  11:15
  23:23
**minutes**  22:23
**missing**  31:22
**mm**  23:21
**monday**  23:19
**monetary**  15:1
**money**  7:9,12
  7:13 17:21,24
  18:25 19:7,8
**month**  14:23
  15:11 17:2
  30:16,16
**monthly**  4:18
  12:20 18:9
**months**  8:14
  15:20
**moore**  2:6 3:8
  4:9,10 5:6,7,7
  5:14,15 6:1,3,3
  9:2,19,20
  10:15 11:13,13
  11:14 12:8
  13:10,13,25
  14:2,2,9,13
  15:25 16:4,11
  16:13 17:5,9
  18:18,18,19,22
  18:22 19:23

20:2,13 22:2,2
  22:4,9,13,17
  22:18 23:2,7
  23:10,12,15,18
  24:1,5,10,13
  25:6,6,8,9,12
  25:14,14 26:5
  27:8,9,14,18
  27:18,20 28:11
  28:16 29:1,1,4
  29:4,8,11,14
  29:16 30:10,18
  30:18,22 31:9
  31:12,17,24
  32:24,25,25
**moore's**  9:24
  9:25 10:3 11:3
  19:16
**motion**  4:21
  5:16,19,24
  6:12,16,22,22
  9:25 10:3 26:3
  26:11 30:1,20
  32:6 34:10

| n | | | |
|---|---|---|---|

**n**  3:1 4:1 16:1
  34:1 35:1
**name**  7:18,18
**nancy**  1:22
**necessary**  6:14
**need**  8:10
  13:12 17:18,18
  27:4 32:13
**needs**  10:11
**neighbor's**
  12:2

**net**  18:10
**never**  4:25
  14:18 16:23,25
  32:1
**new**  1:2 3:6,21
  13:20,24 14:19
**nhl**  1:3
**nine**  15:1
**nonsense**  24:22
**normally**  31:25
  31:25
**note**  4:25
**notes**  18:1,2
**notice**  28:12
**notwithstand...**
  13:10
**november**  5:1
  5:3,4,5,8 6:25
  9:7 12:18 15:9
  15:13 18:12,14
  19:1
**number**  11:5
**numbers**  18:4
  18:6
**ny**  1:13 3:6,14
  3:21 35:23

| o | | | |
|---|---|---|---|

**o**  1:21 4:1 35:1
**object**  28:22
  29:2
**objected**  28:14
  28:14 32:24
**objection**
  25:22 28:17,19
  28:19 32:4
**objections**  5:16

Case 1-23-42937-nhl   Doc 56-1   Filed 12/18/23   Entered 12/18/23 16:23:52
Case 1:24-cv-00085-OEM   Document 1   Filed 01/04/24   Page 45 of 50 PageID #: 45

[obligation - pre]                                                          Page 8

obligation
    14:24
obscenely
    20:16
obstruction
    16:2,4
occupancy
    13:2
october  4:18
    12:18 18:9
office  3:11 4:5
    4:13 19:14,18
    20:7,10,11,20
    20:21 21:2,6
    23:25 24:11,18
    24:25 25:4
    34:8
oh  11:3 19:4
    23:2 24:3 25:7
    26:1 27:2
    29:13
okay  4:19 5:9
    6:2,7,9 7:1,3
    10:24 15:25
    16:10,12 17:15
    18:9 21:17
    24:5 25:17
    26:1,1,10 29:8
    29:15,17,20,25
    31:10,15 32:9
    32:11 33:1
old  35:21
once  6:4,4,5
    14:18,19 15:6
    32:3
ongoing  14:22

operating  4:18
    7:7 12:20 18:7
    18:9 32:16
opposing  7:22
opposition
    4:21,24 6:25
    16:14 26:22
order  2:5 5:11
    6:7,15 12:9
    17:20 30:22
    31:1,2,6 32:3,7
    32:11
ordered  24:20
    34:5
ordering  24:15
    24:17
orders  32:20
outdoor  14:5
outside  8:25
    21:5
outstanding
    5:19
ovens  8:17
overnight  23:7
    23:19 24:19,23
    34:9
owner  11:23
    11:25

        p

p  3:1,1 4:1
p.m.  34:13
page  34:4
paid  4:25 5:3
    9:7,8 12:18,18
    13:11 14:18
    15:7,23 18:21
    30:15 34:11

part  20:25
particularly
    6:13 7:8
pay  9:8 12:18
    14:21,22 15:13
    16:18 21:17
    24:23 27:12
    30:3,10,13
paying  9:2,7
    10:5 12:17,21
    13:15
payment  18:11
    27:10,21
pc  3:11
people  8:23,24
    15:8
percent  15:2
performed
    16:20
period  6:11
    18:15 19:19
permanent
    13:21
person  8:16
    20:19
petition  9:7
    10:6 13:11,16
    15:4,6,7
photograph
    2:5 16:1
physically
    24:18,25 34:8
pick  20:7
picks  17:21
    21:2
piece  31:16

pizza  16:5 17:9
    17:10,13,15
    18:3
pizzeria  17:11
    17:12,12
placed  12:3
places  17:16
play  22:8,10,17
playing  22:18
plaza  1:12
please  4:3
    22:13,14,19
    25:9
plus  15:1,16
    16:24
pm  1:16 33:5
point  6:12 7:8
    9:21,23 13:14
    13:15,15
position  10:20
    11:3,21
position's  13:6
possession
    14:25 28:15
possessory
    10:4
possible  22:1
post  9:7 10:5
    13:11,15 15:7
    20:10,11,21
    21:2,5 24:18
    24:25 25:4
    34:7
postal  20:21
    21:11 25:2
pre  15:6

**precisely** 14:19
**presentment**
4:17 28:12
**presumably**
17:16
**pretty** 21:19
**previously**
7:21
**price** 7:8
**priority** 19:15
20:10,20 21:7
21:9,13,14,15
23:7,19
**probably** 25:21
**problem** 11:3
12:10 13:8
19:5 24:21,24
**proceedings**
33:4 35:4
**program** 13:21
13:21 24:16
**promises** 14:15
**proof** 5:13
23:15
**property** 12:3
24:23
**protections**
17:1
**proximate**
15:15
**pudding** 23:16
**pull** 28:23
**pursue** 12:11
**pursuing** 10:6
10:7
**put** 20:25 21:1
21:4 32:2,3

**putting** 20:10

**q**

**quarterly**
12:21 32:16
**question** 7:4
11:20 31:3
32:10,10
**questions**
10:16
**quite** 10:1

**r**

**r** 1:21 3:1 4:1
35:1
**raised** 4:24
**raising** 4:22
**read** 10:18,18
18:4
**ready** 20:20
**really** 19:20
**realty** 3:4 4:10
**reason** 4:22
7:23
**reasonable**
15:10
**received** 5:1,4
5:6,7 24:10,13
**record** 14:10
30:19 35:4
**recover** 16:18
**redo** 29:23,23
**redress** 9:15
10:7
**redressing**
9:11
**reem** 3:23

**reema** 4:4,13
32:14,18
**regarding** 14:4
15:12
**regular** 21:7
**regulation**
11:21,21
**reject** 4:22
26:14 29:5
30:1 34:10
**relief** 6:22,23
**remains** 5:19
**remember**
10:19
**remembered**
25:1
**remove** 8:5
11:10,12
**removed** 10:23
11:1
**rent** 4:25 5:1,3
5:5,8 9:2,7,8
13:4,11,16
14:18 15:7,13
15:23 16:18,23
16:24 17:1,25
22:4 24:23
27:11,13,21
30:3,10,13,15
34:6,11
**report** 18:7,9
32:17
**reports** 4:18
7:7 12:20
32:16
**representation**
12:5 14:4

**representations**
8:2 14:15
**represented**
8:5,6 9:16 11:5
**requested**
30:11
**required** 11:4
11:8,10 16:8,8
**requires** 9:4
26:16
**resolve** 32:21
**resolved** 28:24
**respect** 5:12
9:24 10:3
15:19 17:3
32:18,21
**respectfully**
16:22
**respective** 11:9
**respond** 14:11
**response** 9:25
**restaurant**
16:5 17:8,24
**restaurants**
11:6
**resulted** 14:25
**retain** 4:16
12:11
**retained** 7:24
10:12
**retaining** 9:9
**retention** 7:21
7:22 28:13
32:19,20,22
**revisit** 13:16
**rewind** 29:23

**[right - supposed]**

**right** 4:11 5:23
  6:6 15:3,5
  16:22 17:6,8
  17:10,21,25
  20:7 24:12,13
  26:2 27:15
  30:11,12 32:11
  33:1
**rita** 2:25 35:3,8
**road** 8:8,9
  35:21
**robert** 2:7 3:8
  4:9 5:7,15 6:3
  9:19 11:13,14
  14:2 18:18,22
  22:2 25:6,14
  27:8,8,18 29:1
  29:4 30:18
  32:25
**room** 27:15
**rule** 28:16 31:7
  32:8
**rulings** 34:3
**running** 12:15

**s**

**s** 3:1 4:1
**saying** 15:18
  15:21 23:18
**says** 14:14
  16:17 23:19,24
  24:3
**schedule** 31:6
**scheduled** 4:17
  25:24
**scheduling** 6:7
  6:15 12:9 31:1
  31:2,6 32:3,7

32:11
**scott** 3:9
**sdny** 29:16
**season** 17:16
**seating** 8:4
  14:5 16:9 17:4
**second** 26:17
  26:18,24,24
**see** 5:5 6:5 8:24
  13:12 16:1,5,6
  16:14,21,25
  17:1,20 18:15
  23:3,3,4 24:6,7
  25:20 32:8,12
**seeing** 13:19,20
**seems** 17:17
  20:6
**seen** 10:20
**sell** 18:3
**send** 24:19
  25:5,7,10
**sending** 22:3
**sense** 15:11
**sent** 19:25 34:8
**september**
  4:18
**service** 20:3,4
  20:6,6,7,12,15
  21:12 25:2,2,2
**settlement**
  14:21
**shape** 12:24
**shared** 13:22
**ship** 23:9,11,14
  23:24 24:7,8
  24:15 25:1,3

**shipping** 34:6
**shockingly**
  24:3
**shop** 17:9
**short** 17:20
**shortly** 9:9
  12:19 15:7,10
**show** 21:10,22
**shown** 12:10
**shows** 18:10
**side** 16:6 28:16
**signature** 35:6
**signed** 14:6,20
**silly** 32:1
**simple** 13:6
  31:18,18
**single** 8:16
  9:15
**sit** 8:16
**situation** 7:23
**solutions** 35:20
**somebody** 20:9
**soon** 19:8
  24:11
**sorry** 4:15 7:2
  24:1,5
**sounds** 25:16
**speak** 10:15
  13:13
**speaking** 9:20
  11:13,14 18:18
  18:22 22:2
  25:6,15
**special** 4:16
  5:17 16:15
  32:22

**speech** 11:15
**spend** 12:8
**stamp** 24:11
**start** 6:7 31:2
**state** 10:1
  12:11,21
**stated** 14:17
**statement** 5:2
**states** 1:1,11
  3:18,20 4:5,13
  20:21 21:11
**status** 2:1 4:15
  4:22 5:12
  32:15
**stay** 5:20,24
  13:8,12 24:23
  30:20
**stipulation**
  14:21
**stop** 23:17,17
**stops** 13:14,15
**street** 14:5
  16:5,6,7
**strong** 28:17
**subject** 8:7
  30:2 31:5
**subsumed**
  14:16
**sufficient**
  31:17
**suite** 35:22
**summer** 8:14
  8:23 15:20
**supposed**
  12:13,19 15:3
  17:16

**sure** 12:16 19:8 21:19

**t**

**t** 35:1,1
**take** 5:23 6:20 14:7 18:1 19:1
**taken** 16:9,9,10 17:4 18:13
**takes** 20:20
**talk** 7:16,19
**talking** 18:24 22:24
**tell** 7:10 13:25 19:11,21 22:13 22:14,19
**temporary** 13:21
**tenant** 16:17
**tendered** 15:9
**terminated** 5:22 10:1
**terminating** 31:3
**test** 17:7
**thank** 4:6,14 14:2,9 32:17 32:25 33:1,2,3
**theirs** 12:2
**theory** 16:18 16:19
**thing** 9:15 18:13
**things** 4:24 7:25 8:10,21 10:21 11:1,11 14:3 25:5

**think** 5:11,18 5:21 6:19 7:10 7:12 8:3 9:23 10:1,5,12,22 11:22 13:11 15:17 19:13,23 19:23 21:24 26:4,15,15
**thinks** 5:21
**third** 3:5 30:3
**thought** 10:18 10:18
**time** 4:21,25 6:11 8:2 9:23 9:25 12:6 14:5 14:16,18 15:7 18:17 19:24 20:5,13,19 22:5,5,24 24:10 25:3 26:2 28:1,6,20 29:5 30:3 34:11
**timeline** 13:22
**timely** 5:15 9:2 9:5 12:20 15:10,11
**timing** 19:13
**today** 5:17,18 11:24 17:19
**together** 28:23
**told** 21:1
**took** 19:18
**total** 18:10
**touched** 7:16
**transcribed** 2:25

**transcript** 35:4
**trial** 29:11
**trouble** 15:19
**true** 19:17 26:1 35:4
**trustee** 3:19 4:5,14
**trying** 26:2
**turn** 11:17
**two** 5:11 7:25 8:10,21 25:5
**type** 13:2

**u**

**u.s.** 1:23 3:19
**under** 10:7 13:21,24 15:9 16:18 20:4 32:6,7
**understand** 9:6 11:20 25:10 30:19
**understanding** 11:22 15:10
**understood** 7:22 30:14,17
**unfair** 8:3
**unfortunately** 21:24
**unit** 3:13
**united** 1:1,11 3:18,20 4:5,13 20:21 21:11
**unknown** 1:25
**untimely** 9:2
**untrue** 19:17 20:16

**upload** 32:19
**use** 20:7,15 24:15 34:6
**using** 20:3,4,6 24:7,15 25:1
**usps** 19:23 21:5,10,11

**v**

**vacuum** 9:13
**variety** 14:3
**vehemently** 11:2
**veritext** 35:20
**violated** 13:8
**visibility** 12:4 15:22 16:7

**w**

**wait** 23:23
**want** 11:25 13:25 18:6,23 18:23 22:4 24:22,23 25:24 28:22 30:15,21 31:8,10,15
**wanted** 5:12 14:11
**wants** 9:3 12:8
**warrant** 14:25 15:4
**way** 6:18,19 9:15 16:8 19:9
**weather** 17:19
**website** 13:24
**week** 28:5
**weeks** 16:11 18:14

**weiss**  26:8,16
  26:17
**weltsch**  2:25
  35:3,8
**went**  20:4,13
**whatnot**  19:14
**winiarsky**  3:3
**word**  15:10
**work**  6:18 8:18
  8:19,20
**working**  12:21
  32:21
**works**  6:19
**worse**  25:16
**wow**  23:12
**written**  19:9

**x**

**x**  1:4,10 14:21
  34:1

**y**

**yeah**  6:21 7:1
  13:18 18:8
  20:1 21:13
  26:1,19,20
  27:6
**years**  22:11,16
**yesterday**  5:8
**york**  1:2 3:6,21
  13:24 14:20

# Notice Recipients

District/Off: 0207−1            User: admin              Date Created: 1/4/2024
Case: 1−23−42937−nhl           Form ID: pdf000           Total: 6

**Recipients of Notice of Electronic Filing:**
ust        Office of the United States Trustee       USTPRegion02.BR.ECF@usdoj.gov
aty        Alla Kachan        alla@kachanlaw.com

                                                                   TOTAL: 2

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db         155 Chambersfood, Inc.        155 Chambers Street      New York, NY 10007
cr         Manhattan Realty Company 1, LP        70 Lafayette Street      New York, NY 10013 UNITED STATES
10237416   KUCKER MARINO WINIARSKY & BITTENS LLP        Attn.: Robert Moore, Esq.        747 Third Avenue, 12th
           Floor        New York, New York 10017
10237621   Manhattan Realty Company 1 LP        c/o Kucker Marino Winiarsky & Bittens LL        Attn.: Robert Moore,
           Esq.        747 Third Avenue, 12th Floor        New York, New York 10017

                                                                   TOTAL: 4