**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
MANHATTAN REALTY COMPANY 1, LP,

               Creditor-Appellant,

                                   **ORDER DISMISSING**
                                   **BANKRUPTCY APPEAL**
         -against-                 24-CV-00085 (OEM)

155 CHAMBERSFOOD INC.,

               Debtor-Appellee.
-------------------------------------------------------------------x

ORELIA E. MERCHANT, United States District Judge:

    Creditor-Appellant Manhattan Realty Company 1, LP ("Creditor-Appellant") leased commercial space to 155 Chambersfood, Inc. ("Debtor-Appellee"), owner and operator of Ipizza NYC, a pizzeria. Brief of Appellant-Creditor Manhattan Realty Company 1, LP ("Opening Br."), ECF 3, at 3; *see* AR 1.[1] On August 16, 2023, Debtor-Appellee filed a voluntary bankruptcy petition under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Eastern District of New York. AR 1. Before the Court is Creditor-Appellant's appeal of the Bankruptcy Court's order continuing the automatic stay, order extending time for Debtor to assume or reject leases, and a contested matter scheduling order. Opening Br. For the following reasons, this appeal is dismissed as moot.

## BACKGROUND

### A.    State Court Proceeding

    On January 6, 2023, Creditor-Appellant commenced a commercial non-payment proceeding against Debtor-Appellee in New York state civil court in the action captioned

---

[1] The bankruptcy appeal record, ECF No. 2, is referenced herein by the abbreviation "AR." All page numbers cited in the AR refer to the Bates stamp in blue at the bottom right corner of each page.

*Manhattan Realty 1, LP v. 155 ChambersFood, Inc.*, LT300223-23/NY.  AR 41, 43.  In the state court proceeding, Creditor-Appellant alleged that it entered a ten-year commercial lease with Debtor-Appellee beginning on April 23, 2022, and that Debtor-Appellee had failed to pay rent for the three preceding months.  AR 43, 52.  Debtor-Appellant sought to recover possession of the premises and a money judgment.  AR 54.  The parties executed a stipulation of settlement, whereby Debtor-Appellee was to make additional monthly payments to Creditor-Appellant.  AR 55.  Debtor-Appellee defaulted on the stipulation.  *Id.*  On July 21, 2023, the state court issued a warrant of eviction of the premises and monetary judgment, with execution of the warrant stayed until July 31, 2023.  AR 79.  On August 4, 2023, the Marshal served on Debtor-Appellee a 14-day notice of eviction, with an eviction date of August 21, 2023.  AR 52.

    **B.**    **Bankruptcy Court Proceeding**

On August 16, 2023, just five days before the eviction date, Debtor-Appellee filed a voluntary bankruptcy petition under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Eastern District of New York.  AR 1, 5; *see also* Chapter 11 Voluntary Petition for Small Business Non-Individual, *In re 155 Chambersfood, Inc.*, 23-BR-42937 (Bankr. E.D.N.Y. Aug. 16, 2023), Bkr. ECF 1.  On September 11, 2023, Creditor-Appellant filed a motion to dismiss the bankruptcy proceeding on the ground that Debtor-Appellee filed the petition in bad faith or, in the alternative, to lift the automatic stay under 11 U.S.C. 362(d) to permit Creditor-Appellant to proceed with the eviction to recover the premises.  AR 40, 120.  Creditor-Appellant sought relief, arguing that the "automatic stay does not apply to prevent acts to recover possession of the [p]remises" or, in the alternative, that the stay should be lifted so that Creditor-Appellant can "continue its pre[-]petition state court action to recover possession" of the premises.  AR 40.  Creditor-Appellant further argued that Debtor-Appellee's conduct, i.e. the filing the bankruptcy

petition on the eve of the eviction date and allegedly frivolous motions in the state court proceeding, was "designed to impede the execution of the warrant of eviction" and amounted to a lack of good faith.  AR 41.

On or about September 26, 2023, the parties appeared before the Bankruptcy Court for an initial case management conference and for a hearing on Creditor-Appellant's motion.  AR 2.  The Bankruptcy Court subsequently held hearings on October 24, 2023, December 4, 2023, January 23, 2024, and February 27, 2024, but did not rule on Creditor-Appellant's motion for relief from automatic stay.  *See* AR 513, 532, 571, 625-26.

### C.    Appeal

Creditor-Appellant appealed to this Court, filing a notice of appeal on January 4, 2024, the appeal record on February 6, 2024, and its opening brief on March 7, 2024.  Notice of Appeal and Statement of Election, ECF 1; AR, ECF 2; Opening Br., ECF 3.  Debtor-Appellee's responsive brief was due on April 8, 2024, but, as of April 10, 2024, Debtor-Appellee had failed to file its brief or any opposition to the appeal.  Order dated April 10, 2024.  Consequently, the Court ordered Debtor-Appellee "to file its brief, or otherwise show cause why this appeal should not be treated as unopposed" by April 15, 2024.  *Id.*  To date, Debtor-Appellee has not filed a response brief. Thus, this appeal is deemed unopposed.

While the appeal was pending, the Bankruptcy Court entered an "Order Modifying the Automatic Stay" on April 8, 2024, permitting Creditor-Appellant to exercise its eviction rights over the premises.  *See* Order Modifying the Automatic Stay, *In re 155 Chambersfood, Inc.*, Bkr. ECF 104.  On August 6, 2024, Debtor-Appellee filed a motion to voluntarily dismiss its Chapter 11 case, *see* Debtor's Motion to Voluntarily Dismiss Chapter 11 Case of 155 Chambersfood, Inc., Bkr. ECF 111, and on September 27, 2024, the Bankruptcy Court granted Debtor-Appellee's

motion and dismissed Debtor-Appellee's bankruptcy petition, Order Dismissing Case with Notice of Dismissal, Bkr. ECF 114.

This Court ordered that by November 1, 2024, Manhattan Realty show cause why this appeal still presents a live issue, *see* Order to Show Cause dated October 16, 2024, and Creditor-Appellant timely filed a response to the Court's show cause order*, see* Creditor-Appellant's Response to Order to Show Cause ("OSC Resp."), ECF 5.

## LEGAL STANDARDS

"District courts have appellate jurisdiction over final judgments, orders, and decrees entered in bankruptcy court." *Satti v. Nechadim Corp.*, 17-CV-683 (MKB), 2018 WL 1010206, at *3 (E.D.N.Y. Feb. 16, 2018). A bankruptcy court's order is final "if it completely resolves all of the issues pertaining to a discrete claim, including issues as to the proper relief." *In re Pegasus Agency, Inc.*, 101 F.3d 882, 885 (2d Cir. 1996). A district court reviews a bankruptcy court's legal conclusions de novo, and reviews factual findings only for clear error. *In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000).

Review of a bankruptcy court's denial of relief from the automatic stay is for abuse of discretion. *In re AMR Corp.*, 730 F.3d 88, 98 (2d Cir. 2013); *see In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d 86, 91 (2d Cir.2003).

## DISCUSSION

To avoid mootness, there must be an "actual controversy" through which the parties can obtain some relief from the court, and that controversy must exist "through all stages of the litigation." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90-91 (2013) (internal quotation marks omitted). A controversy is no longer "live" if the reviewing court is incapable of rendering

effective relief or restoring the parties to their original position. *Mills v. Green*, 159 U.S. 651, 653 (1895). "For that reason, if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). Thus, "[a] case becomes moot . . . when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already LLC*, 568 U.S. at 91 (internal quotation marks omitted). Therefore, in this case, the automatic stay must still be effective and there must be something left for the Court to do.

Creditor-Appellant filed an appeal in this Court seeking relief from the Bankruptcy Court's refusal to issue an order on Appellant's motion to lift the automatic stay. Opening Br. While that appeal was pending, the Bankruptcy Court ordered that the automatic stay be modified to allow Creditor-Appellant to exercise its eviction rights over the premises. *See* Order Modifying the Automatic Stay, *In re 155 Chambersfood, Inc.*, Bkr. ECF 104. Therefore, because the stay has been modified there is nothing left for the Court to do with respect to the relief Creditor-Appellant sought on appeal and this appeal is moot. Creditor-Appellant has already been granted the relief it seeks, so this Court cannot "fashion effective relief." *See In re Abbott*, 447 F. App'x 232, 234 (2d Cir. 2011).[2]

Creditor-Appellant argues that this Court should nonetheless hear this appeal because the issues are capable of repetition but evading review. OSC Resp. at 1. "The Supreme Court has 'recognized an exception to the general rule regarding mootness dismissals in cases that are

---

[2] Debtor-Appellee sought and obtained an extension of time to assume or reject any unexpired leases and executory contracts under Section 365(d)(4) of the Bankruptcy Code. Order Granting Debtor's Motion to Extend Time to Assume or Reject Unexpired Leases or Executory Contracts, Bkr. ECF 47. On April 16, 2024, the Bankruptcy Court deemed the lease between Appellant and Debtor rejected as of February 27, 2024, allowing Creditor-Appellant to file proof of claim for rejection damages. Order Rejecting Non-Residential Lease of Real Property, Bkr. ECF 106.

capable of repetition, yet evading review.'" *Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.*, 397 F.3d 77, 84-85 (2d Cir. 2005) (alterations omitted) (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)). The exception applies where: "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.* at 85 (alterations omitted) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472 (1990)). "[O]nly in exceptional situations" does an action meet these criteria. *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016). Creditor-Appellant argues that "as a [l]andlord with numerous commercial tenants, [it] will face this issue again, including before [Bankruptcy] Judge Hershey Lord." OSC Resp. at 15. Even assuming for the sake of argument that Creditor-Appellant could meet the first element, Creditor-Appellant cannot satisfy the second element because Creditor-Appellant has not shown that the Bankruptcy Court's refusal to lift the automatic stay is "reasonably likely" to recur. *Lillbask ex rel. Mauclaire*, 397 F.3d at 87. A "theoretical and speculative possibility" that the same parties would be subjected to the same action again is insufficient. *Id.*

Next, Appellant argues that the collateral consequence exception to the mootness doctrine applies. Under this exception, "mootness does not bar the exercise of jurisdiction over a claim when the conduct that forms the basis of the claim has left the plaintiff with two distinct injuries, one of which (the primary injury) can no longer be remedied, and one of which (the collateral injury) can still be remedied." *Zapata v. I.N.S.*, 93 F. Supp. 2d 355, 359 (S.D.N.Y. 2000). Although the collateral consequences doctrine is often referred to as an "exception" to the mootness doctrine, *Sibron v. New York*, 392 U.S. 40, 54 (1968), in actuality such cases are not moot because some secondary injury remains that could be redressed by the court. *See* Erwin

Chemerinsky, *Federal Jurisdiction*, § 2.5.2 (8th ed. 2021). There must be some "concrete interest" in the outcome of the litigation. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013).

Creditor-Appellant argues that it "*continues* to be damaged [by Bankruptcy Court's inaction] because there is no procedural mechanism whereby [Creditor-]Appellant could interpose a counterclaim for attorney's fees where the complaint was dismissed and appealed from." OSC Reps. at 17. Creditor-Appellant asserts that it "is barred from even commencing a plenary action for recovery of legal fees, because it would be seeking fees originating from a case that was dismissed and which [Bankruptcy Court] precluded Appellant from asking for legal fees" on the basis that "the time to impose that claim was in that action, not a new action." OSC Resp. 17-18. The practical or essential relief that Creditor-Appellant sought in this appeal was the ability to proceed with the warrant eviction. The Bankruptcy Court's order has provided Appellant that exact relief. Thus, the Bankruptcy Court's order cured Creditor-Appellant from the very injury it had attempted to redress by moving to lift the automatic stay. Crucially, "a plaintiff cannot achieve standing to litigate a substantive issue by bringing suit for the cost of bringing suit. The litigation must give the plaintiff some other benefit besides reimbursement of costs that are a byproduct of the litigation itself." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 107 (1998). "An 'interest in attorney's fees is . . . insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim.'" *Id.; see Gilmore v. Ally Fin. Inc.*, 15-CV-6240 (RER), 2017 WL 1476596, at *8 (E.D.N.Y. Apr. 24, 2017). Thus, Creditor-Appellants' proffered injury of the procedural bar to seeking attorney's fees is not a concrete injury and is insufficient to establish that this appeal creates a live controversy. Simply put, Creditor-Appellant's apparent bar

from seeking attorney's fees is not fairly traceable to, or a proximate consequence of, the complained conduct.[3]

Finally, Creditor-Appellant states that the automatic stay provision in the Bankruptcy Code is "unique." *See* OSC Resp. at 10-13. However, Creditor-Appellant makes no argument as to how the apparent uniqueness of the automatic stay provision defeats a finding that this appeal is moot.[4] "A 'skeletal argument,' unsupported by relevant authority or reasoning, is merely an assertion which does not sufficiently raise the issue to merit the court's consideration." *Alberti v. County of Nassau*, 393 F. Supp. 2d 151, 162, n. 1 (E.D.N.Y. 2005); *see also Painting v. City of Rochester*, 22-CV-6179 (FPG), 2022 WL 16856662, at *3 (W.D.N.Y. 2022) (declining "to address . . . unsupported and skeletal arguments . . . It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work"). This is particularly true where a party is represented by counsel. In such circumstances, the Court will not conjure up factual or legal support for a party's assertions in filings. *See Lipton v. Cnty. of Orange*, 315 F. Supp. 2d 434, 439 n.3 (S.D.N.Y. 2004); (finding that it is not the Court's "responsibility, especially in a counseled case, to form [P]laintiff's arguments for [her] by researching . . . relevant case law"); *see also Suarez v. Big Apple Car, Inc.*, 15 Civ. 5330 (AMD) (RLM), 2017 WL 9400686, at *2 (E.D.N.Y. Dec. 1, 2017) ("It is not the Court's job to guess at what a party means to say, or to imagine all defenses they might raise.").

---

[3]     Nothing in the bankruptcy proceeding below suggest that Debtor-Appellee's Chapter 11 petition was dismissed on bad faith or fraudulent grounds such that Creditor-Appellant was automatically entitled to attorney's fees. *See In re Anderson*, 641 B.R. 1, 55 (Bankr. S.D.N.Y. 2022) (where defendant's "systematic refusal" to correct breach and credit report despite numerous requests, plaintiff's incurred substantial fees and expenses as second concrete harm).

[4]     Rather, Creditor-Appellant dedicates three pages setting out the rules governing an automatic stay and the implications of such stay—without more.

## CONCLUSION

For the foregoing reasons, Creditor-Appellant's appeal is dismissed as moot, and the Clerk

of Court is directed to close this case.

SO ORDERED.

/s/
ORELIA E. MERCHANT
United States District Judge

January 31, 2025
Brooklyn, New York